UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CURTIS E. SELVEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:15-CV-1586 NAB |
| STANLEY PAYNE[1], | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This action is before the Court on Curtis Selvey, Jr.'s Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Respondent filed a response to the Petition for Writ of Habeas Corpus. [Doc. 10.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 5.] For the reasons set forth below, the petition for a writ of habeas corpus will be denied.

**I.   Background**

On January 12, 2011, a jury found Selvey guilty of first degree robbery, first degree assault, and two counts of armed criminal action. (Resp't Ex. A at 980-81.) The trial proceeded in two phases: guilt and then penalty. The following evidence, in the light most favorable to the verdict, was presented at trial.

On June 18, 2009, Doral Peoples withdrew approximately $32,000 in cash from the bank, which were proceeds from a recent car sale. (Resp't Ex. A at 398-99.) The next day, Peoples,

---

[1] During the pendency of the Petition, a different person began serving as warden at the Eastern Reception, Diagnostic, and Correctional Center where Petitioner is incarcerated. Pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, the Respondent is the state officer who has custody. Therefore, the Clerk of Court is ordered to add Stanley Payne, the current warden, as the Respondent and remove Troy Steele's name.

1

with his money in a backpack, rode as a passenger in a car with Selvey and Antonio Rice to various places in the St. Louis area. (Resp't Ex. A at 415-429.) At some point during the ride, Rice pulled over in a residential neighborhood in St. Charles, Missouri. (Resp't Ex. A at 425.) Rice then pointed a revolver at Peoples' face demanding Peoples' bag, which contained about $30,000. (Resp't Ex. A at 403-404, 425-26.) Peoples refused and tussled with Rice over the bag of money. (Resp't Ex. A at 425-426, 465.) Selvey then punched him in the mouth, causing him to lose a tooth. (Resp't Ex. A at 426, 444.) Then, Peoples tried to flee, opened the car door, and jumped out. (Tr. 427, 526-27.) Rice fired multiple shots at Peoples, causing him to collapse about six feet away from the car. (Resp't Ex. A at 427, 526-30.) One bullet hit Peoples' back, damaged his small intestine, and caused major abdominal injuries. (Resp't Ex. A at 367-369.) The other went through his hip and shattered his femur. (Resp't Ex. A at 367, 373.) Rice eventually drove away after neighbors began to turn on their porch lights. (Resp't Ex. A at 428.)

After receiving emergency surgery for his injuries, Peoples identified Selvey and Rice as the men who robbed and shot him. (Resp't Ex. A at 432-433, 622.) Peoples also identified Selvey during the trial. (Resp't Ex. A at 429.) Selvey testified at trial. He denied any involvement with the incident. (Resp't Ex. A at 809-810.) He testified that he was never in a SUV or in St. Charles on that night, and he was "too small to punch somebody's tooth out." (Resp't Ex. A at 808-809.)

At the conclusion of the state's evidence at trial, Selvey's counsel moved for a judgment of acquittal claiming that the evidence was insufficient to prove Selvey committed the alleged crimes. (Resp't Ex. A at 705.) The trial court denied the motion. (Resp't Ex. A at 706.) The trial court also denied a renewed motion for judgment of acquittal at the conclusion of the trial. (Resp't Ex. A at 858.) Selvey's counsel requested the jury be given instructions on the lesser

included offenses of second degree robbery and second degree assault. (Resp't Ex. A at 869-886.) The trial court denied the request for jury instructions on lesser included offenses. (Resp't Ex. A at 884, 886.) The jury found Selvey guilty on all counts. (Resp't Ex. A at 980-81.)

At the conclusion of the penalty phase, the jury recommended a sentence of 16 years on first degree robbery, a life sentence for first degree assault, 9 years and 11 years respectively on the two counts of armed criminal action. (Resp't Ex. A at 1093-94.) The trial judge sentenced Selvey in accordance with the jury's recommendation regarding the first degree robbery and armed criminal action counts. (Resp't Ex. A at 1112.) The trial judge sentenced Selvey to 20 years for the assault in the first degree count. (Resp't Ex. A at 1112.) All of the sentences run concurrently. (Resp't Ex. A at 1112.)

After sentencing, Selvey filed a direct appeal alleging that the trial court erred in (1) failing to instruct the jury for the lesser included offenses of second degree robbery and second degree assault, (2) admitting evidence during the penalty phase about Selvey's juvenile records, and (3) dismissing the motion for a new trial. (Resp't Ex. C.) The Missouri Court of Appeals affirmed the trial court's judgment in an unpublished memorandum. (Resp't Ex. F.)

Selvey then filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Missouri Supreme Court Rule 29.15, alleging constitutional violations including deprivation of due process of law and ineffective assistance of counsel. (Ex. G at 20-62.) The post-conviction motion court denied both the motion and the request for evidentiary hearing because Selvey failed to show any prejudice from counsel's conduct. (Resp't Ex. G at 15-19.) Selvey then appealed to the Missouri Court of Appeals, claiming that the motion court erred in denying his motion for post-conviction relief. (Resp't Ex. H.) The Missouri Court of Appeals affirmed the motion court's decision. (Resp't Ex. J.) On October 16, 2015, Selvey filed

his Petition for Writ of Habeas Corpus in this court. [Doc 1.] The Respondent filed a response in opposition. [Doc. 10.]

## II. Standard of Review

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law. Judges must be vigilant and independent in reviewing petitions for the writ, a commitment that entails substantial judicial resources." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). "In general, if a convicted state criminal defendant can show a federal habeas court that his conviction rests upon a violation of the Federal Constitution, he may well obtain a writ of habeas corpus that requires a new trial, a new sentence, or release." *Trevino v. Thaler*, 569 U.S. 413, 421 (2013). The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to 28 U.S.C. § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings "(1) resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. 28 US.C. § 2254(e)(1).

For purposes of § 2254(d)(1), the phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). "In other words,

'clearly established federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* at 71-72. To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or unreasonably applied. *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case. *Id.* (citing *Williams*, 529 U.S. at 407-08). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 793 (citing *Williams*, 529 U.S. at 409). "A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Evanstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006). A "readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). AEDPA's highly deferential standard demands that state court decisions be given the benefit of the doubt. *Id.*

### III. Discussion

#### A. Ground One: Trial Court's Failure to Exclude Selvey's Juvenile Records at Penalty Phase.

First, Selvey asserts that the trial court erred by admitting his juvenile court records during the penalty phase. Selvey contends that, but for, the erroneous admission of his juvenile records he would have received a lesser sentence. During the penalty phase, Selvey's counsel objected to, and the trial court sustained, any admission of evidence of Selvey's juvenile records. (Resp't Ex. A at 995-1009.) The trial court allowed Detective Weissenborn to testify, however, that, during questioning, Selvey made a statement claiming to have obtained a "free pass" on a first-degree murder charge in another case. (Resp't Ex. A at 1009, 1033.) After Detective Weissenborn's testimony, Selvey's counsel called Selvey's great-grandmother to testify that Selvey was questioned, released, and never charged with murder in the unrelated case. (Resp't Ex. A at 1053-1064.) On cross-examination, the trial court allowed the prosecutor to inquire into details of the murder charge, because the door had been opened on direct examination. (Resp't Ex. A at 1062-1064.)

In federal habeas proceedings, the standard of review for evidentiary rulings is narrow because "[i]n the habeas context, rules of evidence and trial procedure are usually matters of state law." *Bucklew v. Luebbers*, 436 F.3d 1010, 1018 (8th Cir. 2006). State court's evidentiary decisions are only reviewable if the asserted error infringed a specific constitutional protection or was "of such magnitude as to fatally infect the trial and deprive the defendant of due process." *Parker v. Bowersox*, 94 F.3d 458, 460 (8th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997). In general, rulings on the admission or exclusion of evidence in state trials "rarely rise to the level of a federal constitutional violation." *Nebinger v. Ault*, 208 F.3d 695, 697 (8th Cir. 2000).

Therefore, to succeed under 28 U.S.C. § 2254, a petitioner must establish that the alleged error effectively rendered the entire trial fundamentally unfair and that absent the error, the outcome of the trial would probably have been different. *Newlon v. Armontrout*, 885 F.2d 1328, 1336 (8th Cir. 1989), *cert. denied*, 497 U.S. 1038, (1990).

In this case, Selvey cannot establish the violation of a constitutional right or that the outcome of his sentencing would have been different. After hearing the evidence, the jury recommended that he receive a life sentence on the first degree assault charge. The trial court gave him a significantly lesser sentence of 20 years. The Court agrees with the court of appeals that even if the jurors' recommendation was affected by the knowledge of the murder investigation, it had no effect on his sentence. Therefore, he cannot establish prejudice. Based on the foregoing, the Court will deny relief on this claim.

### B. Ground Two: Ineffective Assistance of Counsel

Next, Selvey asserts that his trial counsel rendered ineffective assistance when he questioned Selvey's great-grandmother about the unrelated murder charge investigation that occurred when he was a juvenile. The Missouri Court of Appeals denied relief on this claim and found that counsel's representation was within the wide range of professional, competent assistance.

The Sixth Amendment guarantees that in all criminal prosecutions the accused has the right to the assistance of counsel for his defense. U.S. Const. amend. VI. The Sixth Amendment's right to counsel has been interpreted to mean "that if the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel, and that judges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts." *McMann v.*

*Richardson*, 397 U.S. 759, 771 (1970). "The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results." *Strickland v. Washington*, 466 U.S. 668, 685 (1984). "An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." *Id*. To succeed in a claim "that counsel's assistance was so defective as to require reversal of a conviction," a petitioner must establish (1) that the trial counsel's performance fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced the Petitioner's defense. *Strickland*, 466 U.S. at 687. Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact. *Strickland*, 466 U.S. at 698.

The "performance" component of *Strickland* requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 685. To satisfy this prong, a petitioner must first identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. The court must then examine the totality of the circumstances in order to determine whether "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. In making this determination, the court should recognize that trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* "Miscues and omissions are inevitable in any case and there is no such thing as a perfect trial." *Medearis v. U.S.*, 469 F.Supp.2d 779, 785 (D.S.D. 2006).

To satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Strickland*, 466 U.S. at 694. Such "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In determining whether prejudice exists, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695. Further, the court "should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694.

"In the interests of finality and federalism, federal habeas courts are constrained by [AEDPA] to exercise only a 'limited and deferential review of underlying state court decisions.'" *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005). "Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citing *Cullen v. Pinholster*, 563 U.S. 170) (2011)). "First, under *Strickland*, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is reasonably likely that the result would have been different absent the errors." *Williams*, 695 F.3d at 831 (citing *Strickland*, 466 U.S. at 696). "To satisfy Strickland, the likelihood of a different result must be substantial not just conceivable." *Id.* Second, under AEDPA, the Court must give substantial deference to the state court's predictive judgment. *Id.* Therefore, "[s]o long as the state court's decision was not 'contrary to clearly' established federal law, the remaining question under the 'unreasonable application' clause of § 2254(d) is 'whether the state court's determination under the *Strickland* standard is unreasonable, not merely whether it is incorrect.'" *Id.* at 831 (*citing Harrington v. Richter*, 562 U.S. 86, 101 (2011)). This standard is difficult, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102.

Selvey's counsel made a strategic decision to use the great-grandmother's testimony that Selvey was never charged with the unrelated murder to respond to Detective Weissenborn's testimony that Selvey bragged about getting a free pass on a murder charge. "Decisions relating to witness selection are normally left to counsel's judgment, and this judgment will not be second guessed by hindsight." *Forrest v. Steele*, 764 F.3d 848, 858 (8th Cir. 2014). In this case, the great-grandmother's testimony provided favorable information that he was not arrested or charged with a murder. During cross-examination, however, the prosecution also brought in details that the murder victim was a pregnant innocent bystander. One could speculate whether it was actually beneficial to have the great-grandmother testify, but that is not enough to demonstrate that counsel's representation fell below an objective standard of reasonableness. Both options available to counsel were risky. "Although hindsight may make a decision appear unwise or unsound, when scrutinizing counsel's performance a court 'must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.'" *Underdahl v. Carlson*, 381 F.3d 740, 743 (8th Cir. 2004) (citing *Strickland*, 466 U.S. at 689). In light of this deferential standard, the Court cannot say that the holding of the state appellate court was an unreasonable application of clearly established federal law. *Underdahl*, 381 F.3d at 743. The Court will deny relief on this claim.

**Ground Three: Trial Court's Failure to Instruct Jury on Lesser Included Offenses**

Finally, Selvey argues that the trial court erred in failing to instruct the jury on the lesser-included offenses of second degree robbery and second degree assault. Selvey claims he deserved these instructions because he did not possess any firearm and lacked the intent to

promote the armed robbery or the shooting. The Missouri Court of Appeals held that because there was no basis to acquit Selvey of first degree robbery or first degree assault, the trial court did not abuse its discretion by refusing to submit the requested lesser included instructions.

The United States Supreme Court has never held that there is a constitutional requirement that lesser-included offense instructions be given in noncapital cases. *Carney v. Fabian*, 487 F.3d 1094, 1097 (8th Cir. 2007). First degree assault and first degree robbery are not capital offenses. If the Supreme Court has not addressed an issue in its holding, a state court adjudication of the issue not addressed by the Supreme Court cannot be contrary to, or an unreasonable application of clearly established federal law. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008). Therefore, the state trial court's failure to give a lesser included instruction for these offenses is not a federal constitutional violation. Moreover, Selvey's Petition does not refer to any specific federal constitutional right, a particular constitutional provision, or a state case raising a pertinent federal constitutional claim on this issue. *See Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) To obtain habeas relief, Selvey must be able to point to the Supreme Court precedent which he thinks the Missouri state courts acted contrary to or unreasonably applied. *Evanstad*, 470 F.3d at 783. Selvey does not provide any Supreme Court opinion that supports his position. The Court will deny relief on this claim.

## IV. Conclusion

Based on the foregoing, the Court finds that Selvey's request for relief pursuant to 28 U.S.C. § 2254 should be denied. The Court finds that the state court's findings and conclusions regarding Selvey's claims were not contrary to, nor do they involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Nor did the state court's findings result in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceedings. Further, because Selvey has made no showing of denial of a constitutional right the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. [Doc. 1.]

**IT IS FURTHER ORDERD** that, for the reasons stated herein, any motion by Curtis E. Selvey for a Certificate of Appealability will be **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is ordered to add Stanley Payne, the current warden, as the Respondent and remove Troy Steele's name.

Dated this 26th day of November, 2018.

/s/ NANNETTE A. BAKER
_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE